UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| JOSHUA GLEN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 21-12-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| LEXINGTON, KY FMC | ) | **MEMORANDUM OPINION** |
| MEDICAL STAFF, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Joshua Glen Johnson is an inmate confined at a federal prison in Petersburg, Virginia.  Johnson has filed a *pro se* Complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  [D. E. No. 1]

This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).   When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).  A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

On February 14, 2019, while housed at the Federal Medical Center in Lexington, Kentucky, Johnson was involved in a fight with another inmate. [D. E. No. 1-2 at 1]   After the altercation Johnson was taken to the prison medical department to be treated for bruises he sustained on his body and wrist.  Although Johnson told an unidentified nurse that he was suffering from excruciating pain in his wrist and thought it was broken, he contends that she refused to order that an X-ray be taken the same day.  However, medical records attached to the Complaint indicate that following the medical evaluation conducted that day, the nurse who examined Johnson directed that an X-ray be performed the next morning.  [D. E. No. 1-5 at 5-6]

Johnson was placed in segregation pending an investigation into the fight in anticipation of disciplinary charges.  Johnson states that over the next week he repeatedly asked several unnamed nurses to have an X-ray be taken of his wrist, but all refused.  *Id*.  On February 26, 2019, a lieutenant escorted Johnson to the medical department where an X-ray was taken.  A radiologist concluded that Johnson should be taken to the emergency room of an outside hospital for further evaluation. Another X-ray was taken at the hospital, and doctors concluded that Johnson needed

to have surgery to repair the bones in his wrist.  The surgery was scheduled to be performed two weeks later.  [D. E. No. 1-2 at 1; No. 1-5]

Johnson states that on February 20, 2019 – after the altercation but before his trip to the hospital – he filed a grievance with the warden regarding his concerns. Johnson alleges, however, that he did not receive any response.  [D. E. No. 1 at 4] Johnson further contends that he could not file an appeal to the Mid-Atlantic Regional Office because he did not have a copy of the grievance he filed with the warden and did not know the number assigned to the grievance.  [D. E. No. 1 at 5]

Ten months later in December 2019, Johnson filed a request under the Freedom of Information Act to obtain: (1) the names of the medical staff working at the prison when he was injured; (2) the disciplinary hearing officer's report regarding Johnson's involvement in the fight; and (3) his medical records from 2019. One week later the Bureau of Prisons responded that Johnson's request was deemed "complex" under FOIA, thus entitling it to nine months to respond.   Johnson indicates that this deadline in September 2020 came and went without response from the BOP.  [D. E. No. 1-1 at 1; No. 1-3]

In December 2019 Johnson also filed a request for administrative settlement of a tort claim against the BOP under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.  The BOP denied that request by letter dated May 28, 2020.  [D. E. No. 1-7, No. 1-8]  Johnson filed suit under the FTCA in October 2020; however, that case

was dismissed for failure to prosecute six weeks later. *Johnson v. United States*, No. 5: 20-CV-122-HRW (E.D. Ky. 2020).

Johnson's Complaint is dated October 29, 2020. [D. E. No. 1 at 8] Ordinarily, under the prison mailbox rule "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. ... absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Here, other evidence indicates that Johnson did not send his Complaint until January 2021: it was sent by certified mail on January 4, 2021, [D. E. No. 1-9 at 1], and the Court received it for filing on January 12, 2021, [D. E. No. 1 at 1].

The Court has thoroughly reviewed Johnson's Complaint and the materials he has filed in support of it, and concludes that it must be dismissed. First, Johnson failed to exhaust his administrative remedies as required by federal law. The Court may dismiss a complaint upon initial screening where the failure to exhaust is apparent from the face of the complaint. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). The exhaustion requirement demands that a prisoner fully utilize the prison's inmate grievance system before filing suit to assert a civil claim regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question

4

that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The BOP's Inmate Grievance System requires a federal prisoner to file a formal grievance with the warden within twenty days after the event complained of, and then to file appeals to the Regional Office and then the Central Office if he is not satisfied with the response. 28 C.F.R. §§ 542.14(a), .15(a).

Here, Johnson indicates that he filed an initial grievance with the warden. Although he complains that the warden never responded to his grievance, the BOP's grievance system expressly directs that when this occurs the inmate may appeal to the next level. 28 C.F.R. § 542.18. And "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...", *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Instead of appealing, Johnson simply abandoned the grievance process. Johnson postulates that he could not appeal because he did not have a copy of his initial grievance or know the grievance number assigned to it. But the BOP's grievance process does not expressly require either; indeed, it contemplates that such information might be missing when it expressly provides for an appeal mechanism when the BOP does not timely respond. Nothing prevented Johnson from filing an appeal which identified the nature of his grievance and advising MARO of the date on which he filed it and invoking his right to appeal. Having failed or refused to do so, Johnson has not fully and properly exhausted his administrative remedies, warranting dismissal. *Liggett v. Mansfield*, 2009 WL

1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies.") (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)).

Johnson has also failed to name any viable defendants in his Complaint. He states only that he is suing "Lexington, KY FMC Medical Staff." [D. E. No. 1 at 1] This is deficient in two respects. First, Johnson's complaint describes interactions with various health care providers, nurses, doctors, guards, or other persons, but his Complaint does not clearly identify which of these persons he wishes to sue. Second, Johnson does not identify any particular health care provider by name. While he complains that the BOP did not provide a timely response to his FOIA request for such information, he provides records with his complaint [D. E. No. 1-5 at 5-6] which identify at least some of the persons who provided medical care, but none of them are identified as defendants. He also attached medical records to his earlier FTCA complaint which identified additional health care providers. [D. E. No. 1-2 therein at 3-6] Through its failure to clearly delineate the factual basis for claims asserted against identified defendants, Johnson's Complaint does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Johnson's claims are also barred by the statute of limitations.  The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening.  *Cf. Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Johnson's claims accrued no later than February 20, 2019, the date by which prison medical staff had allegedly refused his request to immediately X-ray his wrist, and the day he filed an inmate grievance about that delay.  By that date at least he was aware of the injury which forms the basis for his claims.  *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).  Because the remedy afforded in a *Bivens* action is entirely judge-made,

there is no statutory limitations period.  Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred.  *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985).  The events about which Johnson now complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies.  Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).  Johnson was therefore required to file suit by February 20, 2020.  Because he did not file suit until January 2021, his claims are time-barred and must be dismissed.  *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Of course, Johnson was required to exhaust his administrative remedies before he could file suit.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 205-07 (2007).  When a claimant is required to exhaust such remedies before bringing suit, the limitations period is tolled while he or she does so, as long as such remedies are pursued diligently and in good faith.  *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).  Here, Johnson states that the warden did not respond by his deadline to do so in mid-March 2019.  But because Johnson abandoned the grievance process instead of appealing as permitted under BOP regulations, any further equitable tolling ceased.  *See Jordan v. U.S. Dept. of Justice*, No. 7:15-CV-138-KKC (E.D. Ky. 2015), *aff'd*, No. 17-5467 (6th Cir. Mar. 7, 2018) (holding that equitable tolling

8

ceases once the time period for the agency to respond has expired under its regulations) (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) ("It is well established that 'administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.'")); *Burley v. Federal Bur. of Prisons*, No. 6: 15-04-DCR, 2015 WL 3973076, at *3 (E.D. Ky. June 30, 2015).

Finally, Johnson's asserted inability to learn the names of the nurses and/or doctors involved in the provision of his health care does not alter this result. *Dowdy v. Prison Health Servs.*, 21 F. App'x 433, 435 (6th Cir. 2001) ("The statute of limitations is not tolled while a plaintiff attempts to identify the correct defendants."). And this is not a case where Johnson filed a timely complaint against John Doe defendants and later sought to amend it to properly name them once their identity was ascertained. Nor would such an approach necessarily save an otherwise untimely claim through the relation-back doctrine. *Cf. Bradford v. Bracken Co.*, 767 F. Supp. 2d 740, 747-49 (E.D. Ky. 2011) (*citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Instead, Johnson did not initially file suit until long after the limitations period had already run.

In addition, rather than proceed through FOIA, Johnson could have easily requested his medical records (and learned the identity of those involved in his medical care) simply by requesting them from prison officials. *See* 28 C.F.R. § 513.42(a) ("Except for the limitations of paragraphs (c) and (d) of this section, an

inmate may review records from his or her medical file (including dental records) by submitting a request to a staff member designated by the Warden."); BOP Program Statement 6090.04 § 3(a) (March 2, 2015). Where a plaintiff fails to avail himself of such readily-available procedures, equitable tolling is not warranted. *Cf. Ruiz-Bueno v. Maxim Healthcare Servs., Inc.*, 659 F. App'x 830, 835, 836 (6th Cir. 2016) (finding that the claims accrued and that equitable tolling was not warranted where "[a] reasonably diligent plaintiff would have requested the jail file and medical records" shortly after the release of a report indicating potentially actionable claims). Johnson's claims are therefore barred by the statute of limitations.

Accordingly, it is **ORDERED** as follows:

1.      Johnson's complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE**.

2.      The Court will enter a judgment contemporaneously with this order.

3.      This matter is **STRICKEN** from the docket.

This 20th day of January, 2021.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**